**Matter of Promenade Nelson Apts., LLC v New York State Div. of Hous. & Community Renewal**

2023 NY Slip Op 34544(U)

December 28, 2023

Supreme Court, New York County

Docket Number: Index No. 153870/2023

Judge: Shahabuddeen Abid Ally

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. SHAHABUDDEEN ABID ALLY**

*Justice*

-----------------------------------------------------------------------X

In the Matter of the Application of
PROMENADE NELSON APARTMENTS, LLC,

Petitioner,

- v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL,

Respondent.

-----------------------------------------------------------------------X

| | |
|---|---|
| PART | 16TR |
| INDEX NO. | 153870/2023 |
| MOTION DATE | 08/14/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-12, 16-43
were read on this motion to/for                    ARCTICLE 78 (BODY OR OFFICER)                    .

Petitioner brings this Article 78 proceeding seeking an order revoking, reversing,

annulling, and setting aside portions of respondent's determination issued on February 28, 2023

under administrative review docket number KX-410002-RP, contending that the determination is

based on an error of law and/or is arbitrary, capricious, and without a rational basis in law.

Respondent opposes. Upon the above cited papers and for the reasons set forth below, the

petition is denied and the proceeding is dismissed.

*Background*

Petitioner is the owner of the building known as 150 West 225th Street, Bronx, New York

(the "Premises"), which includes several outdoor areas accessible to tenants. Respondent New

York State Division of Housing and Community Renewal ("DHCR") is the state governmental

agency charged with administering and enforcing the Rent Stabilization Law.

In 2018, petitioner completed concrete resurfacing work to the outdoor areas of the Premises, which included installation of items such as fencing, hardscaping, plantings, light fixtures and wiring, new playground and other recreation equipment (Petition, exhibit A, NYSCF No. 3). In December 2018, petitioner submitted a Major Capital Improvement ("MCI") application based upon pursuant to Rent Stabilization Code § 2522.4(a)(3)(8), claiming costs for the work totaling $8,133,320.10.

While the MCI application was pending, the New York State legislature enacted the Housing Stability and Tenant Protection Act of 2019 ("HSTPA"), which made broad changes to many of the state's housing laws, including the Rent Stabilization Law (*see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal*, 35 NY3d 332 [2020]). The changes relevant to rent increases for MCIs are contained in Part K of the HSTPA.

On December 30, 2020, DHCR issued an order granting rent increases in the amount of $37.85 per room per month ("MCI Order," Petition, exhibit B, NYSCEF No. 4). The MCI Order's approved costs were approximately $3,200.000 less than the claimed costs (*id.*). Seeking more detailed explanation of the disallowed costs, petitioner filed a FOIL request and a Petition for Administrative Review ("PAR," Petition, exhibit C, NYSCEF No. 5). In an order dated May 19, 2022, the PAR was partially granted to the extent that additional expenditures totaling $402,975.16 were allowed (for a total allowed cost of $6,090.093.31) but affirming disallowance of the remaining $2,835.669.10 ("PAR Order," Petition, exhibit E, NYSCEF No. 7).

In the PAR Order, the Commissioner explicitly applied the formulas amended in Part K of the HSTPA, finding that the standard set forth by the Court of Appeals in *Regina* did not preclude such application. The Commissioner went on to find that items such as fencing, a pergola, playground equipment, new landscaping, new lighting and electrical work and plumbing

153870/2023 **PROMENADE NELSON APARTMENTS, LLC v NEW YORK STATE DIVISION OF** **Page 2 of 6**
**HOUSING AND COMMUNITY RENEWAL**
Motion No. 001

2 of 6

work did not qualify as necessary work directly related to the MCI project and therefore that the costs claimed for those items should remain disallowed (*id.*). Other work, such as removal of the top slab in the basketball/tennis court, was disallowed as duplicative (*id.*).

Petitioner challenged the PAR Order by way of an Article 78 proceeding that resolved in a Stipulation to Remand dated September 20, 2022, and the matter was remanded for further consideration and a new determination by court order dated November 21, 2022 (Petition, exhibit F, NYSCEF No. 8). Upon remand, respondent modified the prior determination by allowing expenditures totaling $6,185,959.99 ("Remand Order," Petition exhibit A, NYSCEF No. 3). Costs relating to certain hardscaping elements, light fixtures and related electrical, installation of new playground and recreational equipment, and plantings remained disallowed (*id.*). The Remand Order additionally adhered to the prior determination regarding the applicability of Part K of the HSTPA (*id.*).

Petitioner now brings the instant Article 78 proceeding and seeks to modify the Remand Order to restore the disallowed costs and apply the rent increase formulas that pre-dated the enactment of the HSTPA.

## *Discussion*

In the context of an Article 78 proceeding, the court's function is to evaluate whether, upon the facts before an administrative agency, that agency's determination had a rational basis in the record or was arbitrary and capricious (CPLR § 7803[3]; *see, e.g. Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]; *Matter of E.G.A. Assoc. v New York State Div. of Hous. & Community Renewal*, 232 AD2d 302 [1st Dept 1996]). The administrative determination will only be found arbitrary and capricious if it is "without sound basis in reason, and in disregard of .

. . the facts" (see *Matter of Century Operating Corp. v Popolizio*, 60 NY2d 483, 488 [1983], citing *Matter of Pell, supra* at 231). A reviewing court may not substitute its own judgment for that of the agency making the determination (*see Partnership 92 LP v New York State Div. of Hous. & Community Renewal*, 46 AD3d 425 [1st Dept 2007]). If the administrative determination has a rational basis, there can be no judicial interference (*Matter of Pell, supra* at 231-232).

As the agency charged with administration of the Rent Stabilization Law, DHCR "has broad discretion in evaluating pertinent factual data and determining the inferences to draw from it" (*Hawthorne Gardens, LLC v New York State Div. of Hous. & Community Renewal*, 4 AD3d 135 [1st Dept 2004]). As such, DHCR is entitled to deference as to issues of credibility and the weight of evidence (*Matter of Ansonia Residents Assn.*, 75 NY2d 206, 213 [1989]; *see Jane St. Co. v New York State Div. of Hous. & Community Renewal*, 165 AD2d 758 [1st Dept 1990]).

On review of the parties' submissions, the Court finds that petitioner has not demonstrated that the Remand Order lacked a rational basis in the record and law or was arbitrary and capricious. Petitioner first contends that the Remand Order improperly rejected arguments that were raised for the first time in an Article 78 proceeding. Specifically, petitioner argues that DHCR should have considered the disallowed items as MCIs in their own right and that certain work was required to meet current code requirements. The Court first notes that the prior court order which remanded the matter back to DHCR for reconsideration did not specify any specific issues to be reconsidered, and that the Stipulation to Remand executed by the parties states the parties' intent that DCHR was to further consider "all issues in the Order and Opinion issued under Docket Number JN-410002-RO" (Petition, exhibit F). The Deputy Commissioner

therefore acted properly in declining to consider arguments that were not before the agency in the prior determinations.

Second, petitioner has not demonstrated that DHCR's application of Part K of the HSTP was improper. In *Regina*, the Court of Appeals explicitly acknowledged that each of part of the HSTPA set forth its own effective date, "indicating the Legislature considered the issue of temporal scope for each" (*Regina*, 35 NY3d at 373). As the Court further noted, other than Part F, the HSTPA is otherwise "almost entirely forward-looking" without Part F's reference to prior claims (*id.*). The *Regina* Court went on to state:

> Therefore, this is not a case where the Legislature passed comprehensive legislation, including general "claims pending" language, without differentiating between the parts it intended to apply retroactively and those that could reasonably be given only prospective effect. Moreover, Part F relates almost entirely to the calculation of overcharge claims, and any such claim that was pending at the time the HSTPA was enacted necessarily involved conduct that occurred prior to the statute's enactment.

The Court of Appeals thus clearly intended for *Regina* to be narrowly construed and applicable to Part F only. Because Part K calculates the amount of future rent increases prospectively, *Regina* does not preclude its applicability to petitioner's MCI application (*see Matter of 4040 BA LLC v New York State Div. of Hous. & Community Renewal*, 221 AD3d 440 [1st Dept 2023]).

Further, the Court of Appeals has established that an owner does not have a vested right in the continuation of a particular provision of the law or particular DHCR policy or procedure (*see, e.g. I.L.F. Y. Co. v Temporary State Hous. Rent Comm'n*, 10 NYS 2d 263 [1961], appeal dismissed, 369 U.S. 795 [1962]).

Finally, as to DHCR's determinations relating to whether the disallowed items met the criteria for MCIs as set forth in the Rent Stabilization Code, the Court finds that the detailed reasoning provided by the Deputy Commissioner in the Remand Order provides a rational basis

**153870/2023 PROMENADE NELSON APARTMENTS, LLC v NEW YORK STATE DIVISION OF**           **Page 5 of 6**
**HOUSING AND COMMUNITY RENEWAL**
**Motion No. 001**

[* 5]                                        5 of 6

for the determination. Nothing in the record before the Court indicates that the DHCR's conclusions are "without sound basis in reason and in disregard of . . . the facts" (*see Matter of Century Operating Corp. v Popolizio*, 60 NY2d 483, 488 [1983], citing *Matter of Pell, supra* at 231).

<em>Conclusion</em>

Based on the foregoing, the Court finds that petitioner has not met its burden to show that respondent's determination was arbitrary and capricious nor that it lacked a rational basis in the law. Accordingly, it is hereby:

**ORDERED and ADJUDGED** that the petition is denied and this proceeding is dismissed; and it is further

**ORDERED** that respondent shall serve a copy of this order upon petitioner and upon the Clerk of the General Clerk's Office with notice of entry within twenty days thereof and that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and county Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied.

This constitutes the decision and order of the Court.

| 12/28/2023 | | | | |
|---|---|---|---|---|
| DATE | | | SHAHABUDDEEN ABID ALLY, A.J.S.C. | |
| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| | [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

153870/2023 PROMENADE NELSON APARTMENTS, LLC v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No. 001

Page 6 of 6

[* 6]